IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR LAMAR DAVIS,

    Petitioner,                  No. 2:12-cv-02980 KJN P[1]

    vs.

M.D. BITER,                        ORDER and

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request that the court "stay and abey" the petition while petitioner exhausts his state court remedies. Petitioner also requests the appointment of counsel. Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee. See 28 U.S.C. §§ 1914(a); 1915(a).

        Generally, before addressing the merits of a petition, the court will require that petitioner pay the filing fee or submit an affidavit in support of a request to proceed in forma pauperis. However, because it is clear at the outset that the instant petition must be dismissed, and this action closed, the court will not direct petitioner to file additional materials.

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302(c).

Petitioner states on the face of his petition, as well as in his motion to stay this action, that he has contemporaneously filed a state court petition for writ of habeas corpus setting forth the same claims raised in his federal petition. The instant petition provides in pertinent part that petitioner mailed a petition for writ of habeas corpus to the Solano County Superior Court at "the same time this [federal] Petition was mailed." (Dkt. No. 1 at 2-3.) Petitioner marked "yes" to the question, "Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?" (Id. at 5.) As framed by petitioner in his "Motion for Stay and Abeyance" (Dkt. No. 3 at 1):

> [I]n the event if the court finds that there are unexhausted claims, I petition the court to grant a "stay-and-abeyance" procedure to permit the petitioner time to exhaust the unexhausted claims. I just found out about this procedure from another inmate and I lack legal experience and competence, so therefore at the same time I filed this petition for writ of habeas corpus, I also filed one in the state superior court, Solano County, on all the same claims just in case I needed to exhaust the claims in state courts first.

Petitioner's request reflects a misunderstanding of the "stay and abeyance" option, and of the necessity for exhausting state court remedies before commencing a federal habeas action. The correct procedures are as follows.

A petitioner has one year, after his state conviction becomes final, to file a federal petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). This one-year limitations period commences on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a defendant files a petition for writ of certiorari in the United States Supreme Court, his conviction becomes final when the Court "'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" United States v. Aguirre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010), quoting Clay v. United States, 537 U.S. 522, 527 (2003) (further citations omitted). Thus, after a denial of certiorari, the petitioner has one year within which to seek federal habeas relief.

In the present case, petitioner avers that, on direct appeal of his conviction, the United States Supreme Court denied certiorari on October 1, 2012. (See Dkt. No. 1 at 2, 32.) (Although petitioner also states that the petition was untimely filed, it does not appear, based on the current exhibits, that certiorari was denied on that basis. (See id. at 32.)) Petitioner states that, within two months thereafter, on November 28, 2012,[2] he simultaneously initiated both his state and federal habeas corpus petitions.

However, after a challenged conviction becomes final, a state prisoner must exhaust his available state court remedies on his federal habeas claims before bringing those claims to federal court. Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner exhausts state court remedies by either: (1) fairly presenting each federal claim to the state's highest court, or (2) showing that no state remedy was available. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

In the present case, petitioner concedes that he has not exhausted state court remedies on any of his federal claims; rather, petitioner seeks to pursue parallel state and federal proceedings on the same claims. However, there is no provision for the simultaneous filing of identical state and federal habeas petitions, nor for the filing of a federal habeas petition before petitioner has attempted to fully exhaust his federal claims in the state courts. Moreover, the "stay and abeyance" procedure requested by petitioner is inapplicable to the instant petition. Under Rhines v. Weber, 544 U.S. 269 (2005), a district court may stay and abey only a "mixed petition," that is, a federal petition containing claims that have been exhausted in the state courts, as well as claims that have not been so exhausted. The court may stay the exhausted claims while petitioner exhausts his unexhausted claims. A request to stay and abey may be granted

---

[2] The "mailbox rule" establishes the filing date of a habeas petition as the date petitioner delivers the petition to prison authorities for purposes of forwarding it to the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). Although the instant federal petition was formally filed on December 10, 2012, plaintiff signed the petition on November 28, 2012, and presumably delivered the petition to prison authorities on the same date.

only if: (1) "the petitioner had good cause for his failure to exhaust" the unexhausted claims; (2) "his unexhausted claims are potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."[3] Rhines, 544 U.S. at 278. Petitioner's instant request to stay and abey this action clearly fails to meet these prerequisites, particularly the requirement that the federal petition contain at least some exhausted claims.

Petitioner is further informed that there is a one-year limitations period for filing a federal habeas petition, that commences when the challenged conviction becomes final, and is statutorily tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2). Additionally, in very limited circumstances, the limitations period may be equitably tolled if the petitioner can establish that he diligently pursued his rights but some extraordinary circumstance stood in his way. Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

Assuming petitioner filed his state court habeas petition on November 28, 2011, two months after his conviction became final upon the Supreme Court's denial of certiorari, ten months then remained under AEDPA's one-year limitations period for petitioner to file a federal habeas petition. However, the limitations period was tolled upon the filing of petitioner's state court habeas petition, and will remain tolled until the state's highest court rules on the petition, provided petitioner diligently pursues his state court remedies. After his state court remedies are exhausted, petitioner must file his federal habeas petition within the remaining limitations period.

For these several reasons, petitioner's request to stay and abey the instant federal petition for writ of habeas corpus must be denied, and the petition dismissed without prejudice.

////

---

[3] Even if these conditions are met, a "stay and abeyance should be available only in limited circumstances." Id. Additionally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust previously unexhausted claims. Id. at 277-78.

4

Petitioner also requests the appointment of counsel. There is no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Although 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of a habeas proceeding "if the interests of justice so require," see Rule 8(c), Fed. R. Governing § 2254 Cases, the undersigned finds that the interests of justice would not be served by appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner need not submit the filing fee in this action, nor an affidavit in support of proceeding in forma pauperis.

2. Petitioner's request that the court stay and abey this action (Dkt. No. 3), is denied.

3. Petitioner's request for appointment of counsel (Dkt. No. 2), is denied.

4. The Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's federal habeas petition, and this action, be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 13, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

davi2980.dsms.premature